**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS LOPEZ CASTELLANOS,<br><br>Defendant. | Criminal Action No. 24-356 (GC)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

    **THIS MATTER** comes before the Court upon Defendant Luis Lopez Castellanos' Motion to Alter Judgment and Resentence Defendant to a term of Supervised Release. (ECF No. 22.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), which applies to criminal cases pursuant to Local Criminal Rule 1.1. For the reasons set forth below, and other good cause shown, the Motion is **DENIED**.

**I.     BACKGROUND**

    On May 28, 2024, Defendant pled guilty to a one count Information for knowingly and intentionally possessing with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (ECF Nos. 14, 15.) On October 22, 2024, the Court sentenced Defendant to 30 months imprisonment with no supervised release following his sentence. (ECF No. 21.) Defendant is currently eligible for release on

November 11, 2025. (ECF No. 22 at 4.)[1] Due to his unlawful entry into the United States, Defendant is also subject to an immigration detainer. (ECF No. 19 ¶¶ 6, 53.) Thus, he will likely be released into Immigration and Customs Enforcement (ICE) custody after completion of his sentence and be deported. (*Id.* ¶ 74.)

On January 13, 2025, Defendant filed the current Motion requesting that the Court alter his sentence to include a term of supervised release. (ECF No. 22 at 5.) Defendant states that he has been diagnosed with metastasized testicular cancer and seeks to complete his treatment in the United States. (*Id.*) Defendant states that he would not be able to continue treatment in Mexico if deported. (*Id.* at 6.) On February 13, 2025, the Government filed a response to Defendant's Motion. (ECF No. 24.) Defendant replied on March 3, 2025. (ECF No. 25.)

## II.   DISCUSSION

As a threshold matter, pursuant to Defendant's plea agreement, Defendant waived his right to "challenge . . . by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel." (ECF No. 15 at 5.) The term "any means" includes a direct appeal, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment, or a motion for early termination of supervised release. (*Id.*) The plea agreement provided certain exceptions to Defendant's appellate waiver; however, none of those exceptions apply here. (*Id.* at 5-6.) Nonetheless, the Court will address the substance of Defendant's request for relief considering the nature of Defendant's circumstances.

Under the United States Sentencing Guidelines, supervised release ordinarily should not be imposed in a case where the defendant is a deportable alien who likely will be deported after

---

[1]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

2

imprisonment. *See* U.S.S.G. § 5D1.1(c). The rationale being that should a defendant illegally return to the United States, "the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution." *Id.* at Application Note 5. "The court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Id.; see, e.g., United States v. Nunez*, 835 F. App'x 655, 659 (3d Cir. 2020) (imposing supervised release on deportable alien defendant convicted of passport fraud based on a "finding that [the defendant's family ties] would increase the likelihood that [the defendant] would attempt to reenter the United States upon removal"); *Azcona-Polanco*, 865 F.3d at 154 (affirming a district court's imposition of supervised release on deportable alien based on the defendant's prior defiance of an order of removal, subsequent illegal reentry, and purchase of false identification to remain in the United States illegally).

At sentencing, the Court did not impose a term of supervised release as there was not a sufficient basis to overcome the "presumption against imposing supervised release." *United States v. Tejada*, Civ. No. 22-2375, 2023 WL 5287659, at *2 (3d Cir. Aug. 17, 2023) ("[T]his Court has held that § 5D1.1(c) creates a presumption against imposing supervised release against removable defendants."); *see also Azcona-Polanco*, 865 F.3d at 153 (district courts must "explain and *justify* the imposition of supervised release on a deportable immigrant.") (emphasis added). While the Court is sympathetic to Defendant's circumstances, Defendant's need to continue medical treatment is not a basis for imposing a term of supervised release nor would it provide the relief Defendant seeks as Defendant is subject to an immigration detainer and deportation upon completion of his sentence.

Alternatively, Defendant requests that the Court appoint counsel to help him navigate the deportation process and ensure the continuance of his medical treatment once in ICE custody. (ECF No. 22 at 7.) Once released to ICE custody, Defendant will be subject to removal proceedings in immigration court. *See* 8 U.S.C. § 1229a. Therefore, it appears that Defendant's request would be more appropriately directed to the immigration court. *See* 8 U.S.C. § 1229a(b)(4)(A). Under 8 C.F.R. § 1240.10(a)(2), immigration judges are required to "advise the respondent of the availability of free legal services provided by organizations and attorneys." In fact, a failure to do so can render any subsequent removal order invalid. *Leslie v. Att'y Gen. of U.S.*, 611 F.3d 171, 175 (3d Cir. 2010). Given the procedural and substantive challenges to Defendant's request for relief before this Court and the fact that Defendant will have the opportunity to request counsel once he is placed in formal removal proceedings, the Court declines to do so here.

## III.   CONCLUSION

For the foregoing reasons, and other good cause shown, Defendant's Motion to Alter Judgment and Resentence Defendant to a term of Supervised Release, (ECF No. 22), is **DENIED**. An appropriate Order follows.

Dated: April 3, 2025

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE